NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MELANIE CHERILUS<br><br>Plaintiff,<br>v.<br><br>BLOOMINGDALE OPERATING CO.<br>t/a THE HEALTH CENTER AT<br>BLOOMINGDALE<br><br>Defendant. | Civil Action No. 11-5633 (CCC)<br><br>OPINION |

**CECCHI**, **District Judge.**

This matter comes before the Court on the motion of Defendant Bloomingdale Operating Company, L.P. d/b/a The Health Center at Bloomingdale ("Bloomingdale" or "Defendant") for summary judgment pursuant to Federal Rule of Civil Procedure 56. Plaintiff Merzelie Cherilus ("Plaintiff") opposed the motion. The Court decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. After careful review of the parties' submissions,[1] the Court grants Defendant's motion for the reasons set forth below.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

The following facts are not in dispute.[2] Defendant Bloomingdale operates a skilled

---

[1] The Court considers any new arguments not presented by the parties in their papers to be waived. See Brenner v. Local 514, United Bhd. of Carpenters & Joiners, 927 F.2d 1283, 1298 (3d Cir. 1991) ("It is well established that failure to raise an issue in the district court constitutes a waiver of the argument.").

[2] As Plaintiff has not submitted a responsive statement of material facts, Defendant's Statement of Material Facts is deemed undisputed pursuant to Local Civil Rule 56.1 (" … any material fact not disputed shall be deemed undisputed for purposes of the summary judgment motion); see also, e.g., Hart v. Elec. Arts, Inc., 808 F. Supp. 2d 757, 761, n.1 (D.N.J. 2011).

nursing facility located in Bloomingdale, New Jersey. (Def.'s Statement of Material Facts ¶ 1). Plaintiff was employed by Bloomingdale as a certified nurse's aide, until her termination on August 6, 2009 for insubordination (Id. ¶ 2). During her employment, and at the time of her termination, Plaintiff was a member of Local 338 RWDSU/UFCW ("Local 338"), the labor organization and collective bargaining representative for all certified nurse's aides employed by Bloomingdale. (Id. ¶ 2-3).

At the time of Plaintiff's termination, the terms and conditions governing her employment at Bloomingdale were set forth in a collective bargaining agreement entered into by Bloomingdale and Local 338, effective from April 1, 2007 through March 31, 2012. (Id. ¶ 4; Exhibit B to Certification of Michael Hotz ("Hotz Certification") Preamble; § 1). Specifically, the collective bargaining agreement provides:

> The terms and conditions of employment as set forth in this Agreement shall govern the relations between the Employer and his respective employees, and no deviation from or modification of said terms and conditions of employment shall be permitted unless by the mutual written agreement of the parties' authorized representatives.

(Id. ¶ 4; Ex. B to Hotz Certification § 21).

The collective bargaining agreement also contains a "Management Rights" clause, which permits Bloomingdale to discharge employees for just cause. Pursuant to that clause:

> [I]t is recognized that the Employer retains the right to exercise the customary functions of management in operating its home. Such rights shall include … to layoff, discipline, discharge for just cause…"

(Id. ¶ 5; Ex. B to Hotz Certification § 19 ). The Management Rights clause further provides that "[j]ust cause for immediate discharge" includes "[i]nsubordination or refusal to accept reasonable orders." (Id. ¶ 6; Ex. B to Hotz Certification § 19).

In addition, the collective bargaining agreement contains a "Grievance and Arbitration Procedure." Under that procedure, "a grievance concerning a discharge or suspension" is to be filed "within seven (7) working days of the discharge or suspension." (Id. ¶ 7; Ex. B to Hotz Certification § 8). Neither Plaintiff, nor Local 338, filed a grievance regarding Plaintiff's August 6, 2009 termination from Bloomingdale. (Id. ¶ 8).

On August 1, 2011, Plaintiff filed a Complaint in the Superior Court of New Jersey, Essex County, asserting that Bloomingdale terminated her employment without just or sufficient cause, and seeking a declaratory judgment of her employment rights. On September 28, 2011, Bloomingdale removed the matter to this Court. Bloomingdale now moves for summary judgment asserting that Plaintiff's Complaint is preempted by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a), and that Plaintiff is procedurally barred from pursuing a Section 301 action.

### III.   LEGAL STANDARD

Summary judgment is appropriate if the "depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials" demonstrate that there is no genuine issue as to any material fact, and, construing all facts and inferences in a light most favorable to the non-moving party, "the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986), Pollock v. Am. Tel. & Tel. Long Lines, 794 F.2d 860, 864 (3d Cir. 1986).

The moving party has the initial burden of proving the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323. Once the moving party meets this burden, the non-moving party has the burden of identifying specific facts to show that, to the contrary, there

3

exists a genuine issue of material fact for trial. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–87, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). A fact is "material" if a dispute about that fact "might affect the outcome of the suit under governing [substantive] law," and a "genuine" issue exists as to that fact "if the evidence is such that a reasonable jury could return a verdict for the non[-]moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

### III.  DISCUSSION

#### A.  Preemption

Pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a) ("Section 301"), disputes regarding collective bargaining agreements are subject to federal jurisdiction. Section 301 provides, in relevant part:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a). Actions instituted by an individual employee against an employer for breach of a collective bargaining agreement are included in the class of cases subject to federal jurisdiction under Section 301. See Angst v. Mack Trucks, Inc., 969 F.2d 1530, 1536 n.5 (3d Cir. 1992) (citation omitted).

The preemptive scope of Section 301 was first addressed by the United States Supreme Court in Textile Workers Union of Am. v. Lincoln Mills, 353 U.S. 448, 455-56 (1957). There, the Court interpreted Section 301 as a congressional mandate to federal courts to fashion a body of federal common law governing disputes arising out of labor contracts. Id. The Court has consistently held that, in enacting Section 301, Congress intended that a uniform federal labor

4

law would prevail over inconsistent state and local common law. Teamsters v. Lucas Flour Co., 369 U.S. 95, 103 (1962). Accordingly, because of the potential for inconsistent state law regarding collective bargaining agreements, "a suit in state court alleging a violation of a provision of a labor contract must be brought under Section 301 and be resolved by reference to federal law." Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 210 (citation omitted).

A "substantial dependence" test governs preemption under Section 301. Accordingly, "when resolution of a state law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, the claim must be treated as a Section 301 claim … or [be] dismissed as pre-empted by federal labor contract law." Allis-Chalmers, 471 U.S. at 220 (citation omitted). Where a plaintiff, "in its well-pleaded complaint … plead[s] an action that requires interpretation of a collective bargaining agreement," such claim is preempted by Section 301. Briones v. Bon Secours Health Sys., 69 F. App'x 530, 534 (3d Cir. 2003) (citing Berda v. CBS, Inc., 881 F.2d 20, 25 (3d Cir. 1989)).

Plaintiff's Complaint asserts two counts against Bloomingdale. Defendant argues that both claims are "substantially dependent" on the interpretation of the collective bargaining agreement between Local 338 and Bloomingdale and, consequently, are preempted by Section 301. The Court agrees.

As an initial matter, the Court is constrained to note that Plaintiff offers no factual or legal argument to counter Defendant's well-supported contention that her claims are preempted by Section 301. Plaintiff merely asserts that she should be afforded the opportunity to conduct discovery, without explaining how such unspecified discovery would defeat the instant motion. Turning to the substance of Plaintiff's Complaint, the First Count, a declaratory judgment claim, "seeks a declaration as to the rights, duties, status and other legal relations between plaintiff and

defendant arising under and out of the provisions of her employment with defendant." The collective bargaining agreement explicitly states that the terms and conditions set forth therein govern the relationship between Plaintiff and Bloomingdale. (Def.'s Statement of Material Facts ¶ 4; Ex. B to Hotz Certification § 1). Thus, the "rights, duties, status and other legal relations" between Plaintiff and Bloomingdale are exclusively defined by the collective bargaining agreement, and a court's determination of those rights would necessarily require an interpretation of the agreement. Accordingly, resolution of Plaintiff's declaratory judgment claim is substantially dependent upon analysis of the collective bargaining agreement and is preempted by Section 301.

The Second Count of Plaintiff's Complaint is likewise preempted. In the Second Count, a breach of contract claim, Plaintiff alleges that Bloomingdale "breached the employment agreement" by terminating her employment "without just or sufficient cause." (Compl. ¶¶ 11; 13). Plaintiff further avers that "the requirement of termination for just and sufficient cause is a prerequisite to the termination of plaintiff's employment" and "is a material term of her employment." (Compl. ¶ 15). The Management Rights clause of the collective bargaining agreement provides Bloomingdale with the right to terminate employees for just cause. (Def.'s Statement of Material Facts ¶ 5; Ex. B to Hotz Certification § 19). The agreement further defines "[j]ust cause" to include "[i]nsubordination or refusal to accept reasonable orders." (Id. ¶ 6; Ex. B to Hotz Certification § 19). Like Plaintiff's declaratory judgment claim, a court's determination as to whether Plaintiff was terminated for just cause requires an interpretation of the parties' collective bargaining agreement. Accordingly, the Second Count of Plaintiff's Complaint is preempted by Section 301.

B.     **Procedural Bars Under Section 301**

Having found that Plaintiff's claims are preempted by Section 301, Defendant argues that the Court should also find that Plaintiff is procedurally barred from bringing a Section 301 claim. Defendant asserts that Plaintiff has failed to exhaust her remedies under the collective bargaining agreement's grievance procedure and that she has exceeded the six-month statute of limitations, set forth in Del Costello, 462 U.S. at 169-172, which should govern her claims.

Plaintiff offers no substantive factual or legal arguments to address – much less counter – Defendant's claims. Rather, in her one and a half page opposition brief, Plaintiff merely states that she should be afforded the opportunity to conduct discovery. Plaintiff does not explain what such discovery would yield, or how it would assist her in defeating Defendant's motion. Additional discovery in this case is therefore inappropriate. See Doughty v. U.S. Postal Serv., 359 F. Supp. 2d 361, 365-66 (D.N.J. 2005) (rejecting a plaintiff's request for additional discovery in response to a jurisdictional motion to dismiss because the plaintiff did not identify how further discovery would help defeat the pending motion); Dowling v. Philadelphia, 855 F.2d 136, 139-40 (3d Cir. 1988) (explaining that the need of a non-movant for additional discovery will not preclude summary judgment unless the non-movant demonstrates how such discovery would preclude summary judgment); Acosta v. Pace Local I-300 Health Fund, Civ. No. 04-3885, 2007 U.S. Dist. LEXIS 9464, *28 (D.N.J. Feb. 8, 2007) ("a party whose claim is supported by nothing more than bald assertions and legal conclusions cannot survive a motion to dismiss merely by expressing a belief that additional discovery will confirm whether or not a particular claim actually exists.").

Having considered Defendant's argument regarding the procedural bars to Plaintiff's claims, the Court finds them to have merit. However, given the early stage of this litigation, the

Court will dismiss Plaintiff's Complaint without prejudice, but grant Plaintiff the right to file a motion to amend, to be accompanied by an amended pleading which alleges facts demonstrating that this matter is not barred by exhaustion and/or the statute of limitations.

## IV. CONCLUSION

For the reasons set forth above, Defendant's motion for summary judgment is granted. Plaintiff may file a motion to amend within thirty (30) days of the date of this Order.

An appropriate Order accompanies this Opinion.

Dated: July 25, 2012

_____
**HON. CLAIRE C. CECCHI**
**United States District Judge**